UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LBC FIXED INCOME FUND I 2020, LLC | * | CIVIL ACTION NO. |
| | * | |
| | * | 24-00008 SECTION: "E"(3) |
| VERSUS | * | |
| | * | JUDGE SUSIE MORGAN |
| WATKINS HEALTHCARE GROUP, LLC, ET AL. | * | |
| | * | MAGISTRATE JUDGE |
| | * | EVA J. DOSSIER |
| ************************************ | * | |

### ORDER AND REASONS

Defendants, Watkins Healthcare Group, LLC; W and W Recruiting and Staffing Solutions, LLC; and Anieze M. Watkins, filed a Motion for Leave to File Counterclaim.[1] Plaintiff, LBC Fixed Income Fund I 2020, LLC ("LBC"), filed an opposition,[2] and Defendants replied.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting the motion.

On January 2, 2024, LBC filed a lawsuit relative to two promissory notes that LBC alleges were signed by Watkins Healthcare Group.[4] LBC alleges the promissory notes were guaranteed by W and W Recruiting and Staffing Solutions, LLC, and Ms. Watkins.[5] Defendants answered on February 8, 2024.[6] A Scheduling Order was

---

[1] Rec. Doc. 16.

[2] Rec. Doc. 17.

[3] Rec. Doc. 20.

[4] Rec. Doc. 1 at 3-4.

[5] *Id.*

[6] Rec. Doc. 10.

1

entered on February 29, 2024.[7] The Scheduling Order establishes April 1, 2024, as the deadline by which to file counterclaims.[8] On April 1, 2024, Defendants timely moved for Leave to File Counterclaim.[9]

When, as here, a party seeks leave to amend before the expiration of any deadline for amendments in the scheduling order, Federal Rule of Civil Procedure 15(a) applies. *Severin v. Accord Healthcare, Inc.*, No. 19-11591, 2021 WL 394848, at *2 (E.D. La. Feb. 4, 2021). Rule 15(a)(2) provides, "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The language of Rule 15(a) "evinces a bias in favor of granting leave to amend." *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.,* 690 F.2d 1157, 1163 (5th Cir. 1982). The U.S. Court of Appeals for the Fifth Circuit has instructed that the "district court must possess a 'substantial reason' to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

Although leave to amend is to be freely given under Rule 15(a), "that generous standard is tempered by the necessary power of a district court to manage a case." *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 177 (5th Cir. 2016) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)). Factors relevant to the consideration of a motion for leave under Rule 15(a) include "undue

---

[7] Rec. Doc. 14.

[8] Rec. Doc. 14 at 2.

[9] Rec. Doc. 15. Their initial filing was deemed deficient because it did not include a memorandum in support of the motion. Defendants timely filed a revised version, which is Rec. Doc. 16.

delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

The proposed counterclaim alleges claims for breach of contract, including bad faith; unfair trade practices; and a declaratory judgment.[10] It does not add any parties. Defendants maintain that the proposed counterclaim arises from same transaction or occurrence as the original complaint.[11] Plaintiff's opposition does not dispute this characterization.

Instead, Plaintiff maintains that Defendants "unduly delayed beyond the prescriptive period"[12] to file their counterclaim. This contention, however, goes to the merits. Plaintiff cites no caselaw to support its position, which has not been fully briefed by either side.[13] Similarly, Plaintiff suggests that the facts alleged in the counterclaim may fail to state a cognizable claim. But Plaintiff cites no law, identifies no specific deficiency, and disclaims any request for a more definite statement at this stage.[14] Finally, although Plaintiff suggest the counterclaim may result in "increased litigation costs," it does not identify any specific undue prejudice. Any counterclaim

---

[10] Rec. Doc. 16-3 at 5-6.

[11] *See* Rec. Doc. 16-1 at 2 (Defendants' supporting memorandum) (stating that the proposed counterclaim "arises from the same transaction" as the original lawsuit).

[12] Rec. Doc. 17 at 4.

[13] Defendants contend their counterclaims are timely, including because their tort claims were filed within one year of the date their injury occurred.

[14] Rec. Doc. 17 at 3-4.

may impose some prejudice on the counterclaim defendant. The relevant question under Rule 15(a) is whether that prejudice is undue. *See Schiller*, 342 F.3d at 566; *Matter of Magnolia Fleet, LLC,* No. CV 22-504, 2023 WL 3884912, at *5 (E.D. La. June 8, 2023) ("While additional fees and costs incurred to respond to may cause some prejudice, it does not constitute 'undue prejudice' necessary to justify denial of a motion to amend.") (citing cases). In sum, the Court finds no substantial reason to deny Defendants' Motion for Leave to File Counterclaim.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion for Leave to File Counterclaim (Rec. Doc. 16) is **GRANTED**. Defendants' proposed Countercomplaint[15] shall be entered into the record.

New Orleans, Louisiana, this 26th day of April, 2024.

_____
Eva J. Dossier
United States Magistrate Judge

---

[15] Rec. Doc. 16-3.