UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LBC FIXED INCOME FUND I 2020, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-8** |
| **WATKINS HEALTHCARE GROUP, LLC ET AL.** | **SECTION "E" (3)** |

## ORDER AND REASONS

Before the Court is a motion pursuant to Federal Rule of Evidence 104[1] "for Determination that Records Qualify as Business Records under Federal Rule of Evidence 803(6) and Notice of Intent to Offer Declaration under Federal Rule of Evidence 902(11),"[2] filed by Plaintiff, LBC Fixed Income Fund I 2020, LLC ("LBC"). Defendants Watkins Healthcare Group, LLC, W and W Recruiting and Staffing Solutions, LLC, and Anieze M. Watkins (collectively referred to as "Watkins") did not file an opposition to the motion.

## BACKGROUND

This is a suit to recover on promissory notes. LBC alleges that on March 31, 2020, Watkins executed a first promissory note in favor of LBC, promising to pay LBC $600,000.[3] Watkins executed a second promissory note in favor of LBC, promising to pay LBC $650,000, on April 28, 2020.[4] Both notes were guaranteed by Defendants W&W and Ms. Watkins.[5] The first note is secured by mortgages in favor of LBC on two properties in New Orleans.[6] LBC alleges the payments on the notes are in arrears.[7] LBC alleges the

---

[1] FED. R. EVID. 104.
[2] R. Doc. 65.
[3] R. Doc. 1, pp. 3-4.
[4] *Id.* at p. 4.
[5] *Id.*
[6] R. Doc. 23-3, pp. 2-3.
[7] R. Doc. 1, p. 4.

1

parties agreed to six different extension agreements, dated June 30, 2021, July 30, 2021, December 10, 2021, February 16, 2022, August 15, 2022, and September 15, 2022.[8] After Watkins failed to make payment for the month of January 2023 and failed to pay property taxes on the properties, LBC put Watkins in default.[9]

On March 17, 2023, LBC filed suit in state court on three notes.[10] The state court dismissed the suit without prejudice for improper venue.[11] LBC brought suit in this Court on January 2, 2024.[12] LBC asks the Court to find Watkins has breached the terms of the two promissory notes by failing to pay the amounts due thereunder.[13] LBC further asks the Court for a judgment against both Watkins entities[14] and Anieze M. Watkins, individually, awarding to LBC all amounts due and payable under the promissory notes, including the full amount of the principal balance, interest, other costs, and attorneys' fees.[15]

On April 26, 2024, Watkins filed a countercomplaint,[16] alleging (1) that LBC committed a bad faith breach of contract, (2) that LBC violated the Louisiana Unfair Trade Practices Act ("LUTPA"),[17] and (3) that Watkins is entitled to a declaratory

---

[8] *Id*. Defendant Watkins disputes the validity and terms of the alleged extension agreements.
[9] *Id*. at pp. 4-5.
[10] *See generally* R. Doc. 23-3.
[11] R. Doc. 23-2, p. 6. LBC alleged in its state court complaint that Watkins executed a third note, secured by a mortgage, which entitled LBC to executory process on the properties as well as the principal balance, interest, and other fees that the first two notes allowed. LBC attached a proposed order to its complaint for a "Writ of Seizure and Sale" for Watkins' properties. The state court judge signed the order on April 5, 2023. On May 1, 2023, the Clerk of Court issued a Writ of Seizure and Sale of the properties. LBC alleges that when Watkins notified LBC that the third note was never funded, LBC moved to vacate the order and the Writ. As a result, the sheriff's sale never occurred. On May 12, 2023, LBC amended its state court pleadings to include only the first two notes, converting the matter to a regular proceeding.
[12] *Id*.
[13] R. Doc. 1, p. 6.
[14] Watkins Healthcare Group, LLC and W and W Recruiting and Staffing Solutions, LLC.
[15] *Id*. at pp. 6-7.
[16] *See generally* R. Doc. 22.
[17] La. R.S. 51 § 1401 *et seq*.

judgment that any alleged "extension agreements" are invalid.[18] LBC filed a motion to dismiss Watkins' LUTPA claim,[19] which this Court granted as prescribed.[20]

On July 30, 2024, LBC filed a motion for summary judgment on all claims, arguing that there is no dispute of material fact that Watkins confirmed the outstanding balance owed to LBC and subsequently breached the agreements by failing to pay the amounts owed.[21] In opposition to the motion, Watkins disputed 1) the authenticity of the promissory notes, 2) the authenticity of Anieze Watkins' signature, and 3) the balance owed under the notes.[22] After holding oral argument, the Court denied the motion.[23] The case is set for a two-day bench trial on November 20, 2024.

## **LEGAL STANDARD**

Federal Rule of Evidence 104(a) provides: "[t]he court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible."[24] "Evidence is relevant" if "it has *any* tendency to make a fact . . . of consequence in determining the action" "more or less probable than it would be without the evidence."[25] "Evidence which is not relevant is not admissible."[26] Neither is "hearsay," which is defined as an out-of-court statement "offer[ed] in evidence to prove the truth of the matter asserted in the statement."[27] "[E]vidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds."[28] Instead, courts should reserve

---

[18] R. Doc. 22, pp. 5-6.
[19] R. Doc. 23.
[20] R. Doc. 38.
[21] R. Doc. 41.
[22] *See* R. Doc. 42.
[23] R. Doc. 61.
[24] FED. R. EVID. 104; see *Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("Preliminary questions concerning . . . the admissibility of evidence shall be determined by the court.").
[25] FED. R. EVID. 401 (emphasis added).
[26] FED. R. EVID. 402.
[27] FED. R. EVID. 802 (providing "hearsay" is inadmissible); FED. R. EVID. 801 (defining "hearsay").
[28] *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1)).

3

evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context."[29] The Court 'maintains great discretion [as to] evidentiary determinations.'"[30]

## LAW AND ANALYSIS

In its motion, LBC seeks a "preliminary determination, as authorized by Federal Rule of Evidence 104, of the admissibility of evidence," namely, the promissory notes and guarantees, "pursuant to the business records exception to the hearsay rule, Rule 803(6) of the Federal Rules of Evidence."[31] LBC also argues that, as provided in Rule 803(6)(D), the "authenticity of the records in question may be established through certification obtained from the custodian of records," which is set forth in Rule 902(11).[32] LBC attaches to its motion a "Declaration of Southern Title, Inc. in Compliance with Federal Rule of Evidence 902(11)."[33]

LBC argues that the promissory notes filed into the record in LBC's complaint[34] are "true and authentic business records which obviate the need to call Mr. [Deryle] Bourgeois[35] [as records custodian] at trial to authenticate these records."[36] LBC argues that the records fall into the business record exception to hearsay because "they were made at or near the time of the occurrence of the matters contained therein, kept in the course of the regularly conucted activity, and created as a regularly conducted activity."[37]

---

[29] *Auenson*, 1996 WL 457258, at *1.
[30] *Jackson v. State Farm Fire & Cas. Co.*, 656 F. Supp. 3d 676 (W.D. La. 2023) (quoting *Parker v. John W. Stone Oil Distributors, L.L.C.*, 18-3666, 2019 WL 5212285, at *2 (E.D. La. Oct. 16, 2019)).
[31] R. Doc. 65, p. 1.
[32] R. Doc. 65-2, p. 3.
[33] *See* R. Doc. 65-3.
[34] LBC references the promissory notes filed into the record at R. Docs. 1-1 and 1-3, and the guarantees filed into the record at R. Docs. 1-2 and 1-4. These records are attached to the motion at R. Docs. 65-4, 65-6, 65-6, and 65-7.
[35] LBC represents that Mr. Bourgeois is present of Southern Title, Inc., the title agency that closed the two loans at issue. R. Doc. 65-2, p. 1.
[36] R. Doc. 65 at pp. 1-2.
[37] R. Doc. 65-2, p. 4.

LBC argues to the sworn declaration provided by Mr. Bourgeois under penalty of perjury that the records of the promissory notes are true and authentic business records under the evidence rules.[38] LBC requests that the Court enter an order finding that the records from Southern Title, Inc. are admissible as business records without the need to call a foundational witness.[39]

Watkins did not file an opposition to the motion.

### I. The records attached to LBC's motion, including the records of the promissory notes and guarantees, are admissible and self-authenticating pursuant to Rules 902(11) and 803(6).

LBC seeks to admit as business records copies of the two loans and guarantees at issue that were "furnished by the records custodian at Southern Title, Inc., the title agency that closed the two (2) loans at issue."[40] Federal Rule of Evidence 803 provides the business records exception to the rule against hearsay at Rule 803(6) for "Records of a Regularly Conducted Activity."[41] 803(6) states

> **(6) Records of a Regularly Conducted Activity.** A record of an act, event, condition, opinion, or diagnosis if:
> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.[42]

---

[38] *Id.* at pp. 1-2.
[39] *Id.* at p. 6.
[40] *See generally* R. Doc. 65.
[41] FED. R. EVID. 803(6).
[42] *Id.*

5

LBC seeks not just to admit these documents as business records, but to admit them without the need to call an authenticating witness at trial.[43] As referenced in Rule 803(6)(D), Rule 902 covers "Evidence that is Self-Authenticating" that "require[s] no extrinsic evidence of authenticity in order to be admitted."[44] Rule 902(11) provides:

> **(11) Certified Domestic Records of a Regularly Conducted Activity.** The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them.[45]

"Together, Rules 803(6) and 902(11) eliminate the need to incur the expense and inconvenience of producing time-consuming foundation witnesses."[46] Therefore, LBC must show that, by certification of the custodian or another qualified person, the records of the promissory notes and guarantees (A) were made at or near the time by or from information transmitted by someone with knowledge, that (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, and (C) making the record was a regular practice of the activity.[47] "[A] qualified witness is one who can explain the record keeping system of the organization and vouch that the requirements of Rule 803(6) are met," which requires the witness to be "familiar with the record keeping procedures of the organization."[48] In the Fifth Circuit, "certificates from a records custodian that 'track the language of Rule 803(6) nearly word for word' render

---

[43] R. Doc. 65, pp. 1-2.
[44] FED. R. EVID. 902.
[45] FED. R. EVID. 902(11).
[46] *United States v. Jones*, No. CR 15-174, 2016 WL 10704381, at *2 (E.D. La. Feb. 17, 2016) (quoting FED. R. EVID. 803, Advisory Committee Notes to 2000 Amendment).
[47] *See* FED. R. EVID. 803(6).
[48] *Weinhoffer v. Davie Shoring, Inc.*, 23 F.4th 579, 583 (5th Cir. 2022).

the records self-authenticating."[49] Finally, Rule 902(11) requires that LBC provide reasonable written notice to opposing counsel of the intent to admit the records before trial.[50]

LBC provides a declaration from the President and custodian of Southern Title, Inc., Mr. Deryle Bourgeois.[51] In the declaration, Mr. Bourgeois attests that he is "knowledgeable of Southern Title's record keeping," that he "has access to the business records identified," and that he is "knowledgeable regarding the way business records are created by Southern Title."[52] Mr. Bourgeois attests that the documents are "true and accurate copies of original business records created and maintained by Southern Title."[53] Mr. Bourgeois further certifies in his declaration that the records were "(a) made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (b) kept in the course of Southern Title's regularly conducted activity; and (c) made by Southern Title's regularly conducted activity as a regular practice."[54] LBC filed its motion, certification, and the pertinent records on the record on November 1, 2024 in order for Watkins to have a "fair opportunity to challenge [the records]."[55]

The Court is persuaded the LBC has met the requirements of Rule 902(11) and Rule 803(6)(A)-(C). The Court finds that Mr. Bourgeois, as president and records custodian of Southern Title, Inc., is a custodian and/or a qualified person to attest to the authenticity

---

[49] *United States v. Ayelotan*, 917 F.3d 394, 402 (5th Cir. 2019), *as revised* (Mar. 4, 2019) (citing *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 272 (5th Cir. 1991)).
[50] *United States v. Daniels*, 723 F.3d 562, 579 (5th Cir.), *on reh'g in part*, 729 F.3d 496 (5th Cir. 2013) ("[U]nder Rule 902(11), the authenticity of business records may be established by written declaration of the custodian provided to opposing counsel a reasonable time before trial.").
[51] R. Doc. 65-3.
[52] *Id.* at p. 1.
[53] *Id.*
[54] *Id.* at pp. 1-2.
[55] *See* FED. R. EVID. 902(11).

of the records. Mr. Bourgeois's certification declares that the requirements of Rule 803(6)(A)-(C) are met.[56] LBC, by filing the instant motion and attachments on the record twenty days before trial, provided Watkins with a reasonable time to inspect the records and contest their authenticity.[57] The documents attached to LBC's motion are self-authenticating and admissible at trial as records of a regularly conducted activity.[58]

Accordingly;

## CONCLUSION

**IT IS ORDERED** that the Motion is **GRANTED.** The attached records[59] from Southern Title, Inc., will be admissible as business records at trial pursuant to Rules 902(11) and 803(6), without the need to call a foundational witness.

**New Orleans, Louisiana, this 11th day of November, 2024.**

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　**SUSIE MORGAN**
　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[56] *See United States v. Ayelotan*, 917 F.3d 394, 402 (5th Cir. 2019), *as revised* (Mar. 4, 2019) (citing *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 272 (5th Cir. 1991)) ("[C]ertificates from a records custodian that 'track the language of Rule 803(6) nearly word for word' render the records self-authenticating.").
[57] *See* FED. R. EVID. 902(11). Watkins does not oppose the instant motion.
[58] *See United States v. Sterling*, 550 F. Supp. 3d 358, 361-62 (M.D. La. 2021) (admitting records accompanied by certifications from records custodians that met the standards set forth in Rule 902(11) and Rule 803(6)(A)-(C)).
[59] R. Docs. 65-4, 65-5, 65-6, 65-7.