UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LBC FIXED INCOME FUND I 2020, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-8** |
| **WATKINS HEALTHCARE GROUP, LLC ET AL.** | **SECTION "E" (3)** |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion in Limine "to Limit the Testimony of Larry M. Aisola and Exclude the Testimony of Mark Evans and Montavian Morrow during Trial,"[1] filed by Plaintiff, LBC Fixed Income Fund I 2020, LLC ("LBC"). Defendants Watkins Healthcare Group, LLC, W and W Recruiting and Staffing Solutions, LLC, and Anieze M. Watkins (collectively referred to as "Watkins") oppose the motion.[2]

This is a suit to recover on promissory notes. More extensive background on the matter is provided in the Court's prior order and reasons.[3] Relevant to the instant motion, the parties exchanged initial witness lists on August 22, 2024.[4] Watkins disclosed Mr. Aisola, Mr. Evans, and Mr. Morrow in their list.[5] Watkins disclosed that Mr. Evans was with "Cynergy Financial Group," and Mr. Morrow was with "One22 Capital."[6] On October 10, 2024, the parties timely filed their proposed pretrial order.[7] Watkins listed Mr. Evans and Mr. Morrow on their will-call list and Mr. Aisola on the may-call list.[8] Watkins did not provide a description of the subject matter of these witnesses' testimony in the pre-

---

[1] R. Doc. 64.
[2] R. Doc. 66.
[3] R. Doc. 67.
[4] R. Doc. 14, p. 9; *See* R. Docs. 45, 46, 47.
[5] R. Doc. 45, pp. 1-2.
[6] *Id.*
[7] R. Doc. 60.
[8] *Id.* at p. 24.

trial order.[9] LBC listed Mr. Aisola on its may-call witness list and provided a description of his testimony, stating that he "may provide fact testimony regarding a single wire transfer made on December 1, 2021, the record of which contains hand written notations which LBC believes is a modification of the wire transfer amount."[10] Watkins listed the address of Mr. Asiola, but did not list any addresses for Mr. Evans or Mr. Morrow.[11] On October 23, 2024, Watkins filed their final witness list, again listing Mr. Aisola, Mr. Evans, and Mr. Morrow.[12]

LBC requests that the Court exclude *in limine* the testimony of Mr. Evans and Mr. Morrow for Watkins' failure to identify the subject of these witnesses' testimony in violation of this Court's pre-trial notice.[13] LBC further asks the Court to limit the subject of Mr. Aisola's testimony to the subject of testimony provided by LBC in the pretrial order.[14] LBC argues that Watkins violated the Court's pre-trial notice instructions, which requires the parties to provide the substance of witness testimony in the pretrial order.[15] LBC argues that its "ability to prepare for cross-examination of these witnesses during trial is prejudiced by [the] introduction of such witnesses at the very end of discovery and without any potential subject matter descriptions."[16] LBC argues that this Court has the ability to enforce the pretrial notice because "presentation of such witness testimony

---

[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] R. Doc. 63.
[13] R. Doc. 64-2, p. 5.
[14] *Id.* at p. 1.
[15] *Id.* at p. 5. *See* R. Doc. 14-1, pp. 7-8 ("A list of witnesses for all parties, including the names, addresses and statement of the general subject matter of each one's testimony (it is not sufficient to designate the witness simply "fact," "medical" or "expert"), and an indication in good faith of those who will be called in the absence of reasonable notice to opposing counsel to the contrary . . . . Except for good cause shown, the Court shall not permit any witness to testify unless with respect to such witness there has been complete compliance with all provisions of the Pretrial Order and prior court orders").
[16] R. Doc. 64-2, p. 5.

2

during trial would be akin to 'ambushing' LBC."[17] Additionally, LBC seeks to exclude and/or limit the testimony of Mr. Evans, Mr. Morrow, and Mr. Aisola on the basis that their testimony will be "irrelevant to the material issues in this matter," which is the "amount that Watkins are indebted to LBC under the promissory notes and guarantees signed by Ms. Watkins."[18]

Watkins listed Mr. Evans, Mr. Morrow, and Mr. Aisola in their first witness list.[19] Watkins argues that, because Mr. Evans, Mr. Morrow, and Mr. Aisola are known to LBC, there is no "ambush," and the witnesses have relevant testimony.[20] Watkins argues that LBC is familiar with Mr. Evans because Mr. Evans, a potential investor in Watkins, was discussed at Ms. Watkins' and Mr. Bowles' depositions.[21] Watkins argues that LBC is in possession of emails from Mr. Evans that were presented at Mr. Bowles deposition, including one email listed on Watkins' exhibit list.[22] Watkins argues that one of LBC's exhibits is a document from Mr. Evans' company, Cynergy Financial, that lists Mr. Evans' email address.[23] As to Mr. Morrow, Watkins argues that both parties seek to introduce emails from Mr. Morrow as exhibits.[24] With respect to Mr. Aisola, Watkins points out that Mr. Aisola was involved in numerous wire transfers that are included as exhibits, was party to several relevant emails, and that LBC has long known of Mr. Aisola as a Watkins investor.[25] Watkins argues "[t]here can be no prejudice and/or 'ambush' when all sides have (1) interacted with the potential witness during the term of the loan at issue and (2)

---

[17] *Id.* at p. 6 (analogizing to *Patterson v. Yazoo City, Miss.*, 519 F. App'x 838, 843 (5th Cir. 2013)).
[18] *Id.* at pp. 2-3.
[19] R. Doc. 45.
[20] R. Doc. 66, pp. 1-2.
[21] *Id.* at pp. 2-3.
[22] *Id.* at p. 3.
[23] *Id.*
[24] *Id.*
[25] *Id.* at p. 4.

3

both sides seek to introduce evidence involving and/or from the complained about witnesses."[26]

Federal Rule of Civil Procedure 26(a)(3)(A)(i) states that "[a]t least 30 days before trial, unless otherwise ordered by the district court, a party must provide the name, address, and telephone number of each witness it may call at trial."[27] The Court's pre-trial notice provides the additional requirement that the parties provide a "statement of the general subject matter of each [witness's] testimony" in the pretrial order.[28] "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."[29] Under the harmless error analysis, a court considers four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose."[30]

The Court is unpersuaded that LBC is prejudiced by Watkins' failure to include descriptions of Mr. Evans, Mr. Morrow, and Mr. Aisola's testimony in the pretrial order and finds that any error by Watkins is harmless. As represented by Watkins, these witnesses are parties to various emails the litigants are offering as exhibits, they were discussed in depositions, and they have been known to LBC for sufficient time before trial.[31] LBC even names Mr. Aisola on its own witness list.[32]

---

[26] *Id.* at p. 3.
[27] *Miles v. HSC-Hopson Servs. Co.*, 625 F. App'x 636, 638 (5th Cir. 2015); FED. R. CIV. P. 26(a)(3)(A)(i) and (B).
[28] R. Doc. 14-1, p. 7.
[29] FED. R. CIV. P. 37(c)(1).
[30] *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563-64 (5th Cir. 2004) (quoting *Tex. A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003)).
[31] *See generally* R. Doc. 66.
[32] *See* R. Doc. 62, p. 2.

Watkins timely disclosed the names of these witnesses on their first witness list in August 2024.[33] If LBC was unclear as to the identities of these witnesses, LBC could have filed a motion to compel or otherwise sought clarifying information from Watkins with the assistance of the Court. LBC never objected to the inclusion of these witnesses in the pretrial order prior to the filing of this motion on the eve of trial. The Court finds that the importance of these witnesses' testimony to Watkins and the minimal prejudice to LBC warrants denial of LBC's motion.

Additionally, Watkins argues these witnesses "have relevant testimony regarding LBC's handling of the loan and [Watkins'] counterclaim for breach of contract damages."[34] To the extent LBC argues the testimony of witnesses Evans, Morrow, and Aisola is irrelevant, the Court's "role as the 'gate-keeper' is diminished in a bench trial."[35] "[C]ourts in the Fifth Circuit have consistently held that a motion in limine serves no real purpose in a bench trial since the court can and does readily exclude from its consideration inappropriate evidence of whatever ilk."[36] The Court rejects LBC's arguments concerning the relevance of these witnesses' testimony given that this matter is set for a bench, not a jury trial. Additionally, it appears to the Court the testimony of these witnesses is likely relevant given that both parties seek to introduce emails sent or received by the witnesses and both may elicit testimony of Mr. Aisola,[37] and Watkins brings counterclaims in this matter.

Accordingly;

---

[33] R. Doc. 45.
[34] R. Doc. 66, p. 1.
[35] *Kinnerson v. Arean Offshire, LP*, No. 16-720, 2019 WL 2571627, at *2 (E.D. La. June 21, 2019).
[36] *Griffin v. United States*, No. CV 22-3694, 2023 WL 7190821 (E.D. La. Nov. 1, 2023) (quoting *Rash v. Lafayette Cnty., Miss.*, No. 20-CV-224, 2022 WL 983645, at *1 (N.D. Miss. Mar. 30, 2022) (internal quotations and citations omitted) (collecting cases)).
[37] *See* R. Doc. 66-1 (attachments with deposition excerpts and exhibits the parties seek to use at trial).

**CONCLUSION**

**IT IS ORDERED** that the Motion[38] is **DENIED.**

**New Orleans, Louisiana, this 12th day of November, 2024.**

*Susie Morgan*
_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[38] R. Doc. 64.